# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-03165-03-CR-S-BP |
| | ) | |
| KRISTY NAOMI JUEL NORTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant has been indicted on one count each of (1) conspiring to distribute 50 grams or more of methamphetamine, (2) possessing 50 grams or more of methamphetamine with intent to distribute, and (3) possessing fentanyl with intent to distribute. She filed a Motion to Suppress, (Doc. 112), arguing that the search of her car (during which drugs were discovered) violated her rights under the Fourth Amendment.[1] On March 10, 2026, the Honorable David P. Rush, United States Magistrate Judge for this District, issued a Report recommending that the undersigned deny the Motion to Suppress. (Doc. 143.) A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made," 28 U.S.C. § 636(b)(1), but neither party has objected to Judge Rush's Report and Recommendation and the time for doing so has passed. Accordingly, Judge Rush's Report is adopted as the Order of the Court, and the analysis need only be summarized here.

---

[1] The Motion also sought to suppress Defendant's statements, but at the suppression hearing Defendant withdrew this aspect of her Motion because she made no incriminating statements so there were none to be suppressed. (Doc. 138, pp. 2-3, 29-30.)

Dakota Miller works for the Missouri Highway Patrol and is a Task Force Officer ("TFO") with the South Central Drug Task Force.  Beginning in 2023, he developed information that led him to believe that Defendant was transporting drugs from St. Louis, Missouri to Howell County, Missouri, for resale.  On November 6, 2024, he learned that Defendant was returning to Howell County from St. Louis in a Nissan Rogue owned by Jeff Sanders, under circumstances suggesting she was transporting drugs.  TFO Miller asked Deputy Robert Malone of the Howell County Sheriff's Office to stop her vehicle once it reached Howell County.  Deputy Malone followed the Nissan; radar indicated Defendant was speeding, so Deputy Malone pulled her over.  Defendant provided a driver's license but could not provide proof of insurance.

TFO Miller arrived and spoke to Defendant while Deputy Malone was in his car conducting tasks associated with the traffic stop.  When Deputy Malone exited his car, TFO Miller told him there was reasonable suspicion to believe there were drugs in the Nissan and asked him to perform a K-9 search.  Deputy Malone was a K-9 officer, and his K-9 partner was in his car. The dog alerted on the driver's side door or window, and a search of the interior revealed a glass pipe in a bag between the driver's seat and the front console.  Also discovered was a large black lockbox partially sticking out of a backpack (because the lockbox was bigger than the backpack). The lockbox was removed from the car, and the dog alerted on the lockbox.  This information was used to support a request for a warrant to open the lockbox; the warrant was issued and the lockbox was found to contain, *inter alia*, methamphetamine and fentanyl.

In her Motion to Suppress, Defendant argued that (1) the traffic stop was "an orchestrated pretext to investigate [her] for drug trafficking without proper Fourth Amendment justification" and (2) even if the traffic stop was valid, it was impermissibly prolonged.  (Doc. 112, p. 5.)  The Court agrees with the Report's recommendation that both arguments should be rejected.  First, the

2

fact that Defendant was speeding justified the stop, regardless of any other motives Deputy Malone or TFO Miller may have had. *E.g.*, *Whren v. United States*, 517 U.S. 806, 812-13 (1996); *United States v. Rutledge*, 61 F.4th 597, 600-01 (8th Cir. 2023); *United States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011). Second, while (1) "an officer may not extend a stop beyond the time needed to handle the matter for which the stop was made unless he develops a reasonable, articulable suspicion of criminal activity," *United States v. Gastelum*, 11 F.4th 898, 902 (8th Cir. 2021), and (2) the stop was extended to allow for the dog sniff, by that time there was reasonable suspicion to believe that Defendant was transporting drugs in the car. The facts supporting reasonable suspicion were those developed during TFO Miller's investigation; they are summarized in the Report, (Doc. 143, pp. 8-9), and need not be repeated here because Defendant has not objected to them, nor has she objected to the legal conclusion that they established reasonable suspicion sufficient to prolong the traffic stop.

For these reasons, the Court adopts the Report as the Order of the Court and denies the Motion to Suppress.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: June 5, 2026                    UNITED STATES DISTRICT COURT

3